**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JOSHUA A. WILLARD,

      Plaintiff,

    v.

C. WADDLE, et al.,

      Defendants.

1:17-cv-01425-DAD-GSA-PC

**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS TO REOPEN CASE, AND FOR COPIES, BE DENIED**
**(ECF Nos. 33, 34.)**

**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS**

## I.    BACKGROUND

Joshua A. Willard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 against defendant C. Waddle for retaliation in violation of the First Amendment.

This case was voluntarily dismissed by stipulation of the parties. Plaintiff now seeks to re-open it. On November 8, 2019, a settlement conference was held before Magistrate Judge Barbara A. McAuliffe and the case settled. (ECF No. 30.) On December 9, 2019, the parties filed a stipulation for voluntary dismissal, with prejudice. (ECF No. 31.) On December 11, 2019, the court directed the clerk to close the case. (ECF No. 21.)

On December 19, 2019, Plaintiff filed a motion to reopen the case under Rule 60(b)(1), and on December 23, 2019, Plaintiff filed a motion for Defendant to provide him with copies of

the parties' settlement agreement and stipulation for voluntary dismissal. (ECF Nos. 33, 34). On February 25, 2020, defendant Waddle filed a response to Plaintiff's motions. (ECF No. 36.) Plaintiff has not filed a reply. Plaintiff's motions are now before the court. L.R. 230(*l*).

## II. MOTION TO REOPEN CASE UNDER FED. R. CIV. P. RULE 60(b)(1)

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) relief is extraordinary and will not apply to a showing which does not justify its application. See Stevens v. ITT Sys., Inc., 868 F.2d 1040, 1041 n.1 (9th Cir. 1989). "Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are committed to the sound discretion of the trial judge." Blair v. Shanahan, 38 F.3d 1514, 1518 (9th Cir. 1994) (citation omitted).

Rule 60(b) provides for relief from a judgment or order when the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered by due diligence before the court's decision; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) satisfaction of the judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); School Dist. 1J, Multnomah Cnty. v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Whether the court should grant relief "depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (adopting standard to determine excusable neglect as set forth in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)). Thus, a district court may grant a motion for relief from judgment under Rule 60(b)(1) if the moving party can show mistake, surprise, or excusable neglect. See Fed. R. Civ. P. 60(b)(1); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).

"A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order" from which the moving party seeks relief. Fed. R. Civ. P. 60(c)(1). As noted above, the parties' stipulation of voluntary

dismissal was filed on December 9, 2019. Therefore, to the extent Plaintiff's December 19, 2019 motion to reopen seeks to set aside the December 9, 2019 dismissal pursuant to Rule 60(b)(1), it is timely.

## III.  PLAINTIFF'S MOTIONS

Plaintiff moves the court to re-open this case under Rule 60 on the ground that it is not following the terms placed on the record on November 8, 2019 at the settlement conference. Plaintiff reports that Defendant and her lawyers have refused to send him a copy of the settlement agreement signed by all parties, or a copy of the voluntary dismissal of this case. Plaintiff also asserts that Defendant has refused to acknowledge receipt of Plaintiff's Payee Data Form with Plaintiff's Social Security number, which Defendant needed to provide Plaintiff the settlement funds. Plaintiff requests Defendant to provide him with copies of the settlement agreement and the voluntary dismissal.

## IV.  DEFENDANT'S RESPONSE

In response, counsel for Defendant asserts that she did not receive a fully executed copy of the settlement agreement until January 7, 2020, which contained the signature of a representative from the Office of Legal Affairs for the California Department of Corrections and Rehabilitation. Defendant asserts that on or about January 7, 2020, a copy of the fully executed settlement agreement, the stipulation of voluntary dismissal, and the payee data form were sent to Plaintiff.

## V.  CONCLUSION

Plaintiff has not disputed Defendant's assertion that Defendant has now provided Plaintiff with the documents he requests. In fact, Plaintiff has not filed any reply to Defendant's response causing an inference that Plaintiff no longer wishes to re-open this case for the reasons he stated. In such a case, Plaintiff's motions are moot.

Moreover, Plaintiff has not supported his motion with a basis to reopen this case. Plaintiff has not shown any mistake, surprise, or excusable neglect to support Plaintiff's motion to reopen the case. Defendant provides a reasonable explanation why she waited to provide Plaintiff with the documents he sought.

Therefore, based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to reopen this case, filed on December 19, 2019, and motion for copies, filed on December 23, 2019, are DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 1, 2020**                    **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE